NOT DESIGNATED FOR PUBLICATION

No. 115,584

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GREGORY MILO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed December 9, 2016. Affirmed.


*Clayton E. Gillette*, of Gillette Law Office, LLC, of Kansas City, Missouri, for appellant.


*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, C.J., GREEN and LEBEN, JJ.


*Per Curiam*:  Gregory John Milo appeals the district court's summary denial of his K.S.A. 60-1507 motion. The issues raised in this appeal are identical to the issues raised in the companion case of *State v. Milo*, No. 114,832, unpublished opinion filed this day, December 9, 2016 (Kan. App.). For the reasons stated herein, we affirm the district court's judgment.


We set forth the factual and procedural history of Milo's case in detail in our opinion in No. 114,832. Briefly summarized, on July 21, 2011, Milo pled no contest to

1

one count of attempted first-degree murder, one count of aggravated robbery, and one count of attempted aggravated robbery. Prior to sentencing, Milo filed a motion to withdraw his plea and alleged that his trial counsel, David Magariel, failed to properly investigate his criminal history and misled him into believing that he could be found not guilty in a no contest plea. After holding an evidentiary hearing, the district court denied Milo's motion, finding that Magariel had provided competent representation. The district court sentenced Milo to 272 months' imprisonment. This court affirmed the district court's judgment on appeal. *State v. Milo*, No. 108,228, 2013 WL 5507288 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1106 (2014).

On August 20, 2015, Milo filed two separate motions: (1) a motion to withdraw his plea after sentencing under K.S.A. 2015 Supp. 22-3210, and (2) a motion pursuant to K.S.A. 60-1507 to vacate, set aside, or correct his sentence. Both motions raised identical claims: (1) Magariel was constitutionally ineffective for failing to make a record of the presumptions regarding Milo's criminal history that formed the basis for the plea agreement; (2) Magariel was constitutionally ineffective for failing to adequately and reasonably investigate Milo's criminal history score prior to Milo entering the no contest plea; (3) Magariel was constitutionally ineffective for failing to competently explain to Milo his rights to withdraw a no contest plea; and (4) Milo's appellate counsel was constitutionally ineffective for failing to argue that the district court applied an incorrect legal standard. The district court summarily denied both motions based on res judicata, finding that Milo was attempting to relitigate his prior claims of ineffective assistance of counsel that he had raised in the presentence motion to withdraw his plea.

Milo appealed the summary denial of his postsentence motion to withdraw plea, which is the subject of our opinion in No. 114,832. Milo filed a separate appeal from the district court's summary denial of his K.S.A. 60-1507 motion, which is the subject of this opinion. The two appeals raise identical issues and could have been consolidated.

2

However, Milo did not file a motion to consolidate, and this court did not consolidate the separate appeals on its own motion.

On appeal, Milo claims the district court erred when it ruled that res judicata barred consideration of his K.S.A. 60-1507 motion. For the reasons we explained in detail in our opinion in No. 114,832, we conclude that Milo's ineffective assistance of trial counsel claim in his K.S.A. 60-1507 motion was barred by res judicata. However, Milo's claim of ineffective assistance of appellate counsel was not barred by res judicata because that claim was not raised in Milo's presentence motion to withdraw his plea. But for the reasons we explained in detail in our opinion in No. 114,832, we find that Milo's ineffective assistance of appellate counsel claim is without merit. Thus, we conclude that the district court did not err in summarily denying Milo's K.S.A. 60-1507 motion.

Affirmed.